FEE PAID

CLERK, U.S. DISTRICT COURT

JAN 30 2020

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ RS _____ DEPUTY

RECEIVED
CLERK, U.S. DISTRICT COURT

JAN 27 2020

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

Clinton Strange
*Pro Se*
7021 Winburn Drive
Greenwood, LA 71033
Phone (318) 423-5057
Email: PARSMLLC@gmail.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

2:20-CV-00992-FMO-AFMx

_____

Civil Action No.:

CLINTON STRANGE,                    ]

Plaintiff                           ]

v.                                  ]   **COMPLAINT FOR DAMAGES**

AMERICAN RECOVERY SERVICE           ]   **PURSUANT TO:**

INCORPORATED OF CALIFORNIA,         ]   **THE FAIR CREDIT REPORTING**

Defendant                           ]   **ACT OF 1970**

_____             &

                                    **THE LOUISIANA UNFAIR TRADE**

                                    **PRACTICES AND CONSUMER**

                                    **PROTECTION LAW OF 1972**

**\*\*\*JURY TRIAL DEMANDED\*\*\***

Page **1** of **18**

**PRELIMINARY STATEMENTS:**

1. The *pro se* Plaintiff Clinton Strange brings this action in good faith against Defendant AMERICAN RECOVERY SERVICE INCORPORATED OF CALIFORNIA("ARSI") to recover damages for statutory and other violations under Federal Consumer Protection Laws, his Constitutional Rights regarding Invasion of Privacy, State Law Claims for Unfair Trade Practices, and State Law Tort Claims all arising from alleged impermissible accessing of his Transunion Consumer Credit Report multiple times. The Plaintiff also seeks permanent injunctive relief enjoining Defendant from future violations of these parts.

**JURISDICTION & VENUE:**

2. Jurisdiction arises in this Court primarily under Federal Question Jurisdiction pursuant to 28 U.S. Code § 1331.

3. Supplemental Jurisdiction (should the Court choose to exercise it) would be appropriate in this case since the Plaintiff's State Law Claims were born out of the same alleged misconduct that is under Federal Question Jurisdiction pursuant to 28 U.S. Code § 1367.

4. Venue lies properly in this U.S. District because the Defendant can be found here and regularly conducts lawful business within this U.S. District pursuant to 28 U.S Code § 1391.

**THE PARTIES:**

5. Plaintiff Clinton Strange is an adult individual residing at the address of:
   CLINTON STRANGE
   7021 WINBURN DRIVE
   GREENWOOD, LA 71033

Page **2** of **18**

6. Defendant AMERICAN RECOVERY SERVICE INCORPORATED OF CALIFORNIA is a California Domestic Business Corporation. According to the Louisiana Secretary of State this Defendant's registered agent for the service of process is:

NATIONAL REGISTERED AGENTS, INC.

c/o: AMERICAN RECOVERY SERVICE INCORPORATED OF CALIFORNIA

3867 PLAZA TOWER DRIVE

BATON ROUGE, LA 70816

## THE FACTUAL ALLEGATIONS:

### SECTION I:

### THE INCIDENTS THAT OCCURRED

7. On the dates of September 14, 2018, September 15, 2018, and September 19, 2018 the Defendant ARSI improperly accessed the Plaintiff's Transunion Consumer Credit Report [See Exhibit A].

8. ARSI did not have the Plaintiff's permission to obtain his Transunion Consumer Credit Report.

9. ARSI did not notify the Plaintiff before or afterwards of their accessing of the Plaintiff's Transunion Consumer Credit Report.

10. The Plaintiff was never notified via email, U.S. Mail, or by telephone of the fact that his Transunion Consumer Credit Report was going to be or was accessed by ARSI.

### SECTION II:

### THE PLAINTIFF'S DISCOVERY OF THE INCIDENT

11. On September 25, 2019 the Plaintiff went online to www.annualcreditreport.com and requested a copy of his credit report from Transunion and Experian. For some reason he

was unable to obtain his Equifax credit report online (due to security concerns following their 2017 data breach they have to be requested by mail).

12. When the Plaintiff reviewed his Transunion Consumer Credit Report he noticed some unusual names in the "Consumer Request" section of reports furnished to third parties and among them was ARSI.

13. Plaintiff had never heard of ARSI before.

14. Plaintiff never had any business relationship with ARSI and has never received any consumer debt collection communications from ARSI.

15. Plaintiff cannot recall ever receiving any written communication from them at all whatsoever.

16. Plaintiff grew concerned that this improper access to his Transunion Consumer Credit Report might be part of an identity theft attempt, or something similarly ominous and threatening.

## SECTION III:

## THE INVESTIGATION AND CORRESPONDENCE TO DEFENDANT

17. The Plaintiff investigated the matter (regarding the improper accessing of the Transunion Consumer Credit Report) and was able to find little or no helpful information on the internet due to the Plaintiff's financial illiteracy.

18. The Plaintiff knew the appropriate thing to do was to draft a letter to ARSI and simply give them an opportunity to explain why they accessed his Transunion Consumer Credit Report and on whose behalf they did so.

19. Plaintiff mailed off his correspondence to ARSI on October 22, 2019 at 8:10am CST and "an individual" (an agent or employee of ARSI authorized to receive mail) signed for the correspondence on October 25, 2019 at 9:09am PST [See Exhibit B].

### SECTION IV:
### THE DEFENDANT'S RESPONSE TO PLAINTIFF'S CORRESPONDENCE

20. ARSI never undertook to communicate with the Plaintiff in response to his written request for information as referenced in the foregoing paragraphs.

### SECTION V:
### THE HARM, INJURIES, AND DAMAGES SUFFERED BY THE PLAINTIFF
### PART A:
### OUT-OF-POCKET COSTS IN INVESTIGATING THE INCIDENT

21. The Plaintiff as a portion of his investigation surrounding the actions of ARSI prepared and drafted correspondence that necessarily involved *de minimus* costs of paper, ink and toner, paper clips, packing tape, and a large envelope. It also involved a larger more measurable cost of mailing the correspondence via U.S.P.S. Certified Mail. The Cost of the postage was $7.60 (Seven Dollars and 60/100ths U.S. Dollars).

22. The Plaintiff also had to drive round-trip to the U.S. Post Office to mail the correspondence and the total cost based on the Federal Mileage Reimbursement rate was .8 miles x $0.58 / mile as shown in the Google Driving App Screen Capture below for a total of $ 0.46 (Forty-Six Cents).



23. The Plaintiff represents that his total out-of-pocket expenses to his knowledge at this time and based on the *prima facie* evidence he can produce totals $8.06 (Eight Dollars and 06/100ths U.S. Dollars).

### PART B:

### ECONOMIC LOSS FOR TIME SPENT INVESTIGATING THE INCIDENT

24. The Plaintiff first concern was that the incident might have been a financial crime that had occurred so he went back through each of the accounts listed in his Transunion Consumer Credit Report to see if any unrecognizable accounts were opened in his name, he did the same in regard to his Experian Consumer Credit Report, next he went online to Credit Karma (creditkarma.com) to check his Equifax Consumer Credit Report. Having found no new accounts opened in his name and that no unusual addresses concerning the Plaintiff were listed the Plaintiff then began combing back through his financial transaction records for the time period immediately following the impermissible access of

his Transunion Consumer Credit Report. All these activities took up a considerable amount of time.

25. The Plaintiff worked up an activity log to account for his time spent in addressing this breach of his data in the same manner he would during the aftermath of a data breach similar to the way he did following the aftermath of the Yahoo and Equifax Data Breaches.

26. Other U.S. District Courts have approved settlements in class action cases approving an hourly rate for economic losses in regard to time spent investigating and addressing consumer data breaches. Some Courts have set a floor as low as $15/ hour for 10 hours, and some Courts approved up to $25/ hour for 20 hours.

27. To be clear the Plaintiff does vaguely comprehend the difference between a data breach and an illegal accessing of a Consumer Credit Report but likens one to be *like* the other. To the Plaintiff the resultant outcome is just about exactly the same.

28. The Plaintiff claims to have spent about 8.2 hours investigating and addressing the improper accessing of his Transunion Consumer Credit Report inclusive of inquiring on ARSI via written correspondence [See Exhibit C].

### PART C:
### INCREASED ANXIETY, EMOTIONAL DISTRESS, AND WORRY

29. For a period of time following the discovery of ARSI's illegal accessing of the Plaintiff's Transunion Consumer Credit Report the Plaintiff became worried, anxious, and distressed about the whole situation. Later as he looked into the matter his emotions turned from worry, anxiety and distressed feelings into anger and outrage regarding this invasion of his privacy.

**PART D:**

**AGGRAVATION OF DIAGNOSED PRE-EXISTING MAJOR DEPRESSIVE DISORDER**

30. Plaintiff was first diagnosed by Mental Health Professionals at the Overton Brooks V.A. Medical Center in Shreveport, Louisiana as having a service- connected Major Depressive Disorder on or around November 2017.

31. The Plaintiff takes a daily prescribed medication that "treats" (helps treat) this condition. Despite the medication and therapy, he receives from the V.A.'s Mental Health team he is and remains someone who is more vulnerable and or susceptible to the types harm that would be resultant from bad conduct such as the Plaintiff alleges against ARSI herein.

32. The Plaintiff alleges that because of ARSI's misconduct and failure to respond to his written communication as referenced in the foregoing paragraphs that his service-connected Major Depressive Disorder was aggravated and made worse to some extent.

**PART E:**

**INVASION OF PRIVACY**

33. The Plaintiff alleges that ARSI invaded his privacy rights which are guaranteed by the Bill of Rights under the U.S. Constitution.

34. Courts have recognized (by interpretation) that although the words "right to privacy" are not apparent any where in the Constitution that nonetheless [i]t (the right to privacy) is a guaranteed constitutional right.

35. ARSI (as alleged by the Plaintiff) violated the Plaintiff's rights to privacy by "peeping" into his most sensitive and protected financial data. The Plaintiff likens it to a form of consumer credit voyeurism.

36. The Plaintiff asserts that ARSI's alleged misconduct was *possibly* in conjunction with debt collection activity which would give the Plaintiff the right to later amend his complaint to include counts and causes of action for violations of the Fair Debt Collection Practices Act of 1977. The Plaintiff will not know if this is in fact the case until the discovery phase of litigating the action.

37. The Plaintiff alleges that he was harmed and damaged by this invasion of privacy as referenced throughout and herein and asserts that he has a constitutional right to seek redress of this grievance brought on by the miscreant tortfeasing behavior of ARSI from the Federal Courts.

38. Plaintiff alleges that ARSI illegally accessed his Transunion Consumer Credit Report three (3) through means of a computer (though interstate commerce) and the alleged misdeed gives the Plaintiff a private right of action under the Computer Fraud and Abuse Act of 1986 promulgated under 18 U.S.Code § 1030(a)(2)(A).

39. The Plaintiff alleges that the misdeeds of ARSI created liability that gives Plaintiff a private right of action to recover damages under Louisiana Law. Louisiana Revised Statute 51: §1401 et seq. is the Louisiana Unfair Trade Practices and Consumer Protection Law of 1972. The act provides that if a Court determines that a Defendant has been "found by the court to have engaged in any method, act, or practice in Louisiana declared to be unlawful under this Chapter, and the violation was committed against an elder person or a person with a disability, as defined in this Section, the court may impose an additional civil penalty not to exceed five thousand dollars for each violation.". [LA. Rev. Stat. 51: §1407(C)]

40. The Plaintiff is a statutorily defined disabled person [See Exhibit D].

41. Louisiana Law holds that Courts may weigh "Whether the elder person or person with a disability was more vulnerable to the defendant's conduct because of age, poor health, infirmity, impaired understanding, restricted mobility, or disability than other persons and whether the elder person or person with a disability actually suffered physical, emotional, or economic damage resulting from the defendant's conduct.[L.A. Rev. Stat. 51: §1407(D)(3)] …and "Whether the defendant's conduct caused an elder person or person with a disability to suffer any of the following: (a)  Mental or emotional anguish.[ L.A. Rev. Stat. 51: §1407(D)(4)(a)] in its evaluation as to whether or not it would impose the enhanced civil penalty of up to $5,000.00 (Five Thousand U.S. Dollars).

### PART F:
### INCREASED RISK OF MAJOR IDENTITY THEFT INCIDENT

42. The Plaintiff has no way of knowing how secure or insecure ARSI's database security is and the reality of the times that we live in suggest that sooner or later ARSI's servers or other data holding apparatuses (containing the Plaintiff's most sensitive financial data) could be compromised through either the mishandling of the data by human error or by a malevolent third-party hacker. There even exists the very real possibility (if not probability) that a rogue employee working for ARSI might purposely obtain and or sell that data.

43. The Plaintiff reasons that if a Debt Collection Agency's culture of ethics dictates that its okay to go about willy-nilly illegally and impermissibly obtaining consumers' credit reports without telling them (consumers) - that it is not a stretch to suppose that someone working for such a collection agency may one day decide its okay to misappropriate the

data that is in the collection agency's possession for unjust purposes (such as financial ill-gotten gain).

44. Further, the Plaintiff will not know until the discovery phase who tasked ARSI to peer into the Plaintiff's Credit history, and if that third-party (John Doe) indeed acquired or was furnished the Plaintiff's Transunion Consumer Credit Report by ARSI. This could mean that the Plaintiff's Credit data could be contained on any number of third party servers with uncertain levels of security protocols in place.

45. The actions of ARSI have placed Plaintiff (and his most sensitive financial data and other information) in danger of Identity Theft in orders of magnitude that are incalculable at this time.

**SECTION VI:**

**THE ANTICIPATED AND IMINENT HARM THAT THE PLAINTIFF EXPECTS**

46. The Plaintiff has the very real and valid concern that though either negligence or willful actions on the part of ARSI, the John Doe party they may have shared the information with, or a third party hacker who gains access to ARSI or John Doe's servers (data storage systems) may misuse the Plaintiff's information contained in his Transunion Consumer Credit Report to steal his identity or commit financial crimes against the Plaintiff.

47. The information contained in the Plaintiff's Transunion Consumer Credit Report could be misused by someone to commit a felony crime and impersonate the Plaintiff. Plaintiff may lose his life, property, his freedom, his rights, his monthly V.A. Disability Benefits, V.A. Medical Benefits, his right to bear arms, vote, and hunt game in the Sportsman's Paradise.

48. The information contained in the Plaintiff's Transunion Consumer Credit Report could be misused by someone to obtain volumous lines of credit in [h]is name and financially ruin the Plaintiff.

## SECTION VII:

## HOW THE PLAINTIFF SOUGHT TO MITIGATE HIS DAMAGES

49. The Plaintiff occasionally monitors his 2 major accessible credit profiles (Transunion and Equifax) on Credit Karma, but somehow failed to discover that the incident had occurred until some days after September 25, 2019 when he downloaded and (then later) reviewed his Transunion Consumer Credit Report he obtained  through www.annualcreditreport.com.

50. The Plaintiff maintains that he took reasonable steps given his lack of consumer credit literacy and less than desirable financial condition to mitigate the harm and damages caused by the well-heeled Defendant ARSI, and their hypothetical John Doe.

## SECTION VIII:

## THE PLAINTIFF'S STANDING TO BRING THIS ACTION

51. Recently the Ninth U.S. Circuit Court of Appeals found in *Nayab v. Capital One Bank*, No. 17-55944 (9th Cir. 2019) "… historical practice also supports a finding of standing … [because] [t]he harm attending a violation of §1681b(f)(1) of the FCRA is closely related to—if not the same as—a harm that has traditionally been regarded as providing a basis for a lawsuit: intrusion upon seclusion (one form of the tort of invasion of privacy)."

According to the Restatement (Second) of Torts § 652B:

- One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

- Intrusion upon seclusion "does not depend upon any publicity given to the person whose interest is invaded or to his affairs." *Id.* Rather, "[i]t consists solely of an intentional interference with his interest in solitude or seclusion, either as to his person or as to his private affairs or concerns, of a kind that would be highly offensive to a reasonable man." *Id.* at cmt. a. For example, "[t]he invasion may be . . . by some [] form of investigation or examination into his private concerns, as by opening his private and personal mail, searching his safe or his wallet, examining his private bank account, or compelling him by a forged court order to permit an inspection of his personal documents." Restatement (Second) of Torts § 652B. Importantly, "[t]he intrusion itself makes the defendant subject to liability, even though there is no publication or other use of any kind of the photograph or information outlined." *Id.*

52. The United States Court of Appeals for the Fifth Circuit fairly recently ruled that, among the elements required to state an FCRA claim, Plaintiffs must allege that there was a "consumer report" for which one permissible purpose under the FCRA is the "collection of an account of … the consumer." *See Hall v. Phenix Investigations, Inc.*, No. 15-10533, 2016 U.S. App. LEXIS 5786 (5th Cir. Tex. Mar. 29, 2016). The Plaintiff contends that he is a consumer debtor and alleges that ARSI's illegal accessing of his consumer credit report may have been in regard to attempts to collect a consumer debt on behalf of one of his creditors for which the debt was incurred in making consumer purchases of consumer goods, products, and services.

53. In *Dreher v. Experian Information Solutions, Inc.* , 856 F.3d 337 (4th Cir. 2017) the Fourth Circuit applied the three prong test enunciated in *Lujan v. Defenders of Wildlife* , 504 U.S. 555 (1992), to determine whether the requirements of standing were satisfied. The court explained that Dreher "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Relying on *Spokeo, Inc. v. Robins* , 136 S. Ct. 1540 (2016), *as revised* (May 24, 2016), the Fourth Circuit stated "[t]o establish injury in fact 'a plaintiff must show that [he/she] suffered an invasion of a legally protected interest' that is [ *both* ] ' *concrete* and *particularized* [,]" noting that the two requirements are "quite different." (emphasis added). A concrete injury is one that "'actually exist[s], and is 'real, and not abstract[.]'" The court emphasized, however, that "[c]oncreteness" "is not . . . necessarily synonymous with 'tangible.'".

## SECTION IX:
## CONCLUSIONARY STATEMENTS

54. At all times pertinent hereto Defendant was acting by and through their agents, servants and / or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

55. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/ or employees was intentional, reckless, and in grossly negligent disregard for Federal Laws, State Laws, and the rights of the Plaintiff herein.

### THE COUNTS AND CAUSES OF ACTION:

### COUNT I:

### (Plaintiff v. ARSI)

### Violations of the Fair Credit Reporting Act

### 15 U.S.C. § 1681(b)(a) & 15 U.S.C. §1681b(f)(1)

56. The Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

57. The Fair Credit Reporting Act provides for a private cause of action for made clear by the FCRA's :

- (1) general prohibition against obtaining a consumer report except in limited circumstances, 15 U.S.C. § 1681b(f)

- (2) provision of civil liability for violations of the FCRA, 15 U.S.C. § 1681n, including statutory damages for willful violations, 15 U.S.C. § 1681n; and (3) provision of criminal (and civil) liability for those obtaining a credit report under false pretenses, 15 U.S.C. § 1681q.

- By providing for statutory damages and "[b]y providing a private cause of action for violations of [Sections 1681f and 1681q]

58. The Plaintiff prays for damages under this count and relies on the discretion of the Court or alternatively the trier of fact to determine what the appropriate amount should be.

59. The Plaintiff is entitled to and seeks injunctive relief enjoining the Defendant from future violations of this part.

## COUNT II:

### (Plaintiff v. ARSI)

### Violation of the Computer Fraud and Abuse Act

### 18 U.S.Code § 1030(a)(2)(A)

60. The Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

61. The Plaintiff prays for damages under this count and relies on the discretion of the Court or alternatively the trier of fact to determine what the appropriate amount should be.

62. The Plaintiff is entitled to and seeks injunctive relief enjoining the Defendant from future violations of this part.

## COUNT III:

### (Plaintiff v. ARSI)

### Negligent Violation of the Louisiana Unfair Trade Practices and Consumer Protection Law

### LA. Rev. Stat. 51: §1407(C)

63. The Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

64. The Plaintiff prays for damages under this count and relies on the discretion of the Court or alternatively the trier of fact to determine what the appropriate amount should be.

65. The Plaintiff is entitled to and seeks injunctive relief enjoining the Defendant from future violations of this part.

## COUNT IV:

### (Plaintiff v. ARSI)

### Willful Violation of the Louisiana Unfair Trade Practices and Consumer Protection Law

### LA. Rev. Stat. 51: §1407(C)

66. The Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

67. The Plaintiff prays for at least treble damages under this count and relies on the discretion of the Court or alternatively the trier of fact to determine what the appropriate amount should be up to and inclusive of the maximum amount of the enhanced civil penalty available under the law for each and every violation under this section of up to $5,000.00 (Five Thousand U.S. Dollars) deemed to have been committed willfully and knowingly.

68. The Plaintiff is entitled to and seeks injunctive relief enjoining the Defendant from future violations of this part.

### COUNT V:

### (Plaintiff v. ARSI)

### Civil Rights Violations – Invasion of Privacy

### Fourth Amendment to the U.S. Constitution

69. The Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

70. The Plaintiff prays for damages under this count and relies on the discretion of the Court or alternatively the trier of fact to determine what the appropriate amount should be.

71. The Plaintiff is entitled to and seeks injunctive relief enjoining the Defendant from future violations of this part.

### PRAYER FOR RELIEF:

### Jury Trial Demand;

Plaintiff demands trial by jury on all issues so triable.

1
2
3
**Prayer for Relief;**

4
WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages
5
against the Defendants, based on the following requested relief:

6
Statutory Damages;
7
Actual Damages;
8
Treble Damages;
Enhanced Civil Penalty;
9
Stacked Damages;
10
Pre and or Post Judgement Interest;
Enjoinder from further violations of these parts;
11
Costs of litigating the action together along with all reasonable attorney's
12
fees (if any) and court costs;
13
And such other and further relief as may be necessary, just and proper.

14
Respectfully Submitted,
15
X _____        1-24-2020
16
Clinton Strange
17
*Pro Se*                        Dated
7021 Winburn Drive
18
Greenwood, LA 71033
19
318-423-5057
parsmllc@gmail.com
20
21
22
23
24
25

# EXHIBIT A



Permissible Purpose: CONSUMER REQUEST

**SYNCB/SYNCB**
C/O PO BOX 985036
ORLANDO, FL 32896-5036
(866) 396-8254

Requested On: 07/10/2019

**BARCLAYS BANK DE**
P.O. BOX 8803
WILMINGTON, DE 19899
(866) 370-5931

Requested On: 04/01/2019

**CREDIT FIRST NA**
POB 81315
CLEVELAND, OH 44181-0315
(216) 362-5000

Requested On: 04/01/2019

**CAPITAL ONE, N.A.**
P O Box 30281
Salt Lake City, UT 84130-0281
(800) 955-7070

Requested On: 03/09/2019

**RAUSCH STURM**
250 N SUNNYSLOPE DR
STE 300
BROOKFIELD, WI 53005
(262) 789-1100

Requested On: 03/06/2019

**EQUIFAX CONSUMERTID**
1550 PEACH TREE ST NW
ATLANTA, GA 30309
(770) 740-4728

Requested On: 02/20/2019, 02/19/2019, 02/14/2019, 02/12/2019, 02/02/2019,
01/30/2019, 01/26/2019, 01/24/2019, 01/21/2019, 01/15/2019, 01/03/2019,
12/27/2018, 12/21/2018, 12/20/2018, 12/14/2018, 12/13/2018, 12/05/2018,
12/04/2018, 11/27/2018, 11/26/2018, 11/23/2018, 11/14/2018, 11/08/2018,
11/06/2018, 10/27/2018, 10/26/2018, 10/22/2018, 10/20/2018, 10/16/2018,
10/04/2018, 10/02/2018, 09/26/2018, 09/20/2018, 09/15/2018, 09/05/2018,
02/28/2018, 02/03/2018

**BANCORPSOUTH**
2778 W JACKSON
TUPELO, MS 38801
(662) 620-3683

Requested On: 02/01/2019

**LIFELOCK EQUIFAX C via DIR TO CONS VIA EQUIFAX**
1550 PEACHTREE ST
ATLANTA, GA 30309
(866) 640-2273

Requested On: 12/01/2018, 12/01/2017
Permissible Purpose: CONSUMER REQUEST

**SYNCB/AMAZON PLCC**
PO BOX 965015
ORLANDO, FL 32896-5015
(866) 634-8379

Requested On: 10/11/2018

**AMERICAN RECOVERY SERV**
555 SAINT CHARLES DR
STE 100
THOUSAND OAKS, CA 91360
(805) 379-8500

Requested On: 09/19/2018, 09/15/2018, 09/14/2018

**RELAY MINDEN MED CTR via MINDEN MED CTR**
1 MEDICAL PLAZA PL
MINDEN, LA 71055
(615) 920-7000

Requested On: 07/05/2018
Permissible Purpose: TO ACQUIRE/SERVICE/INSURE ACCOUNT

**SYNCHRONY BANK**
4125 WINDWARD PLAZA
ALPHARETTA, GA 30005
(855) 327-4356

Requested On: 05/18/2018

**TRANSUNION INTERACTIVE IN**
100 CROSS STREET 202
SAN LUIS OBISP, CA 93401
(844) 580-6816

Requested On: 02/27/2018

**ALLY FINANCIAL**
200 RENAISSANCE CENTER
P O BOX 200
DETROIT, MI 48265
(888) 925-2559

Requested On: 02/02/2018

# EXHIBIT B

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                              ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

1. Article Addressed to:

American Recovery Services, Inc
555 Saint Charles Drive
Suite 100
Thousand Oaks, CA 91360

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

9590 9402 4299 8190 0731 30

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   red Mail Restricted Delivery
   r $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7017 3040 0000 6136 9762

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt

# USPS Tracking®

FAQs >

**Track Another Package +**

**Tracking Number:** 70173040000061369762      Remove ✕

Your item was delivered to an individual at the address at 9:09 am on October 25, 2019 in THOUSAND OAKS, CA 91360.

 **Delivered**

October 25, 2019 at 9:09 am
Delivered, Left with Individual
THOUSAND OAKS, CA 91360

---

**Tracking History**      ∧

**October 25, 2019, 9:09 am**
Delivered, Left with Individual
THOUSAND OAKS, CA 91360
Your item was delivered to an individual at the address at 9:09 am on October 25, 2019 in THOUSAND OAKS, CA 91360.

**October 24, 2019, 3:44 pm**
Arrived at USPS Regional Destination Facility
VAN NUYS CA DISTRIBUTION CENTER

**October 24, 2019, 5:14 am**
Arrived at USPS Regional Destination Facility
SANTA CLARITA CA DISTRIBUTION CENTER

**October 23, 2019, 2:03 am**
Departed USPS Regional Facility
SHREVEPORT LA DISTRIBUTION CENTER

**October 23, 2019, 12:02 am**
Arrived at USPS Regional Origin Facility
SHREVEPORT LA DISTRIBUTION CENTER

**October 22, 2019, 4:08 pm**
Departed Post Office
GREENWOOD, LA 71033

**October 22, 2019, 8:09 am**
USPS in possession of item
GREENWOOD, LA 71033



U.S. Postal Service
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To American Recovery Services
Street and Apt. No., or PO Box No. 555 St. Charles Dr. #100
City, State, ZIP+4® Thousand Oaks CA 91360

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7017 3040 0000 6136 9762

CERTIFIED MAIL

7017 3040 0000 6136 9762

SENDER: COMPLETE THIS SECTION
■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

American Recovery Services, Inc.
555 Saint Charles Drive
Suite 100
Thousand Oaks, CA 91360

9590 9402 4299 8190 0731 30

2. Article Number (Transfer from service label)

PS Form 3811, July 2015 PSN 7530-02-000-9053

AMERICAN RECOVERY SERVICE INC.

555 SAINT CHARLES DR

SUITE 100

THOUSAND OAKS, CA 91360

Clinton Strange
7021 Winburn Drive
Greenwood, LA 71033

In Re: Request under FCRA

USPS Tracking # 7017 3040 0000 6136 9762

# EXHIBIT C

**CALCULATION OF TIME SPENT INVESTIGATING AND ADDRESSING ARSI's IMPERMISSIBLE ACCESS TO TRANSUNION CONSUMER CREDIT REPORT WITH GOOGLE CHROME SEARCH HISTORY IN SUPPORT**

| Date | Activity | No. of Hours |
|------|----------|--------------|
| October 4, 2019 | Discovery of incident | .3 |
| October 4, 2019 | Review of Transunion Report to check for Identity Theft | 1.2 |
| October 4, 2019 | Review of Experian Report to check for Identity Theft | .8 |
| October 4, 2019 | Review of Equifax Report for Identity Theft Activity | .6 |
| October 18, 2019 | Review of Checking Account Transactions | 2.2 |
| October 18, 2019 | Research on how best to word correspondence to ARSI | 2.1 |
| October 19, 2019 | Drafted Correspondence to ARSI | .8 |
| October 22, 2019 | Posted letter to ARSI (mailed) | .2 |

**Total Time = 8.2 Hours**

American Recovery

## Found 21 search results for 'American Recovery'

| | | | |
|---|---|---|---|
| ☐ | Dec 26, 2019 | Business Search - Business Entities - Business Programs \| California Secretary of State   businesssearch.sos.ca.gov | ⋮ |
| ☐ | Dec 26, 2019 | ARSI \| **American Recovery** Service Incorporated   www.arsigroup.com | ⋮ |
| ☐ | Dec 26, 2019 | **American recovery** serv - Thousand oaks ca - FCRA - Yahoo Search Results   search.yahoo.com | ⋮ |
| ☐ | Dec 26, 2019 | **American Recovery** Service Incorporated \| Complaints \| Better Business Bureau® Profile   www.bbb.org | ⋮ |
| ☐ | Dec 26, 2019 | **American Recovery** Service Incorporated \| Better Business Bureau® Profile   www.bbb.org | ⋮ |
| ☐ | Dec 26, 2019 | **American recovery** serv - Thousand oaks ca - Yahoo Search Results   search.yahoo.com | ⋮ |
| ☐ | Dec 26, 2019 | Zeller v. **American Recovery** Service, Inc (2:18-cv-01897), Nevada District Court   www.pacermonitor.com | ⋮ |
| ☐ | Dec 24, 2019 | ARSI \| **American Recovery** Service Incorporated   www.arsigroup.com | ⋮ |
| ☐ | Dec 24, 2019 | **American Recovery** Service ARSI Collection Complaints. Stop the Calls   www.lemberglaw.com | ⋮ |
| ☐ | Dec 24, 2019 | **American Recovery** services inc - Yahoo Search Results   search.yahoo.com | ⋮ |
| ☐ | Dec 22, 2019 | Corea v. **American Recovery** Services Incorporated (2:19-cv-02182), New York Eastern District ...   www.pacermonitor.com | ⋮ |
| ☐ | Dec 22, 2019 | Duvert v. **American Recovery** Service, Inc (2:19-cv-05264), New York Eastern District Court   www.pacermonitor.com | ⋮ |
| ☐ | Oct 19, 2019 | Zeller v. **American Recovery** Service, Inc (2:18-cv-01897), Nevada District Court   www.pacermonitor.com | ⋮ |
| ☐ | Oct 18, 2019 | **American Recovery** Service Incorporated \| Complaints \| Better Business Bureau® Profile   www.bbb.org | ⋮ |
| ☐ | Oct 18, 2019 | **American Recovery** Service Incorporated \| Better Business Bureau® Profile   www.bbb.org | ⋮ |
| ☐ | Oct 18, 2019 | **American recovery** serv - Thousand oaks ca - Yahoo Search Results   search.yahoo.com | ⋮ |
| ☐ | Oct 4, 2019 | **American Recovery** Service Incorporated Reviews, Complaints, Customer Service   www.revdex.com | ⋮ |
| ☐ | Oct 4, 2019 | Ripoff Report > **AMERICAN RECOVERY** SERVICE Review - **American recovery**   www.ripoffreport.com | ⋮ |
| ☐ | Oct 4, 2019 | **american recovery** service - unauthorized consumer report scam - Yahoo Search Results   search.yahoo.com | ⋮ |
| ☐ | Oct 4, 2019 | **American Recovery** Service - unauthorized consumer report - Yahoo Search Results   search.yahoo.com | ⋮ |
| ☐ | Oct 4, 2019 | **American Recovery** Serv - Yahoo Search Results   search.yahoo.com | ⋮ |







Clinton Strange

7021 Winburn Drive

Greenwood, LA 71033

CLERK:

Edward R. Roybal Federal Building and United States Courthouse
255 East Temple Street
Los Angeles, CA 90012-3332

In Re: New Case filing



001031